# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TODD GOOSBY,<br><br>Defendant. | 2:06-CR-021 JCM (LRL)<br><br>Date:       N/A<br>Time:       N/A |

# ORDER

Presently before the court is defendant's objection (#31) to Magistrate Judge Leavitt's report and recommendation (#29) denying Goosby's motion to suppress physical evidence and statements (#17). Plaintiff filed a response (#32), and defendant filed a reply to the response to the report and recommendation (#33).

The government argues that a warrant was not necessary for the police officers to enter the apartment and seize the evidence under the "emergency aid exception." The emergency aid exception requires: (1) that the police have an objectively reasonable basis for believing that an emergency is at hand and that the assistance of the police is needed immediately for the protection of life or property; and (2) that there is some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched. *Brigham City, Utah v. Stuart*, 126 S.Ct. 1943, 1948 (2006). The "emergency [aid exception] provides that if a police officer, while investigating within the scope necessary to respond to an emergency, discovers evidence of illegal

**James C. Mahan**
**U.S. District Judge**

1  activity, that evidence is admissible even if there was no probable cause to believe that such evidence
2  would be found." *United States v. Cervantes*, 219 F.3d 882, 888 (9th Cir. 2000).
3      The government contends that the 911 call, the presence of children in Goosby's apartment,
4  and Goosby's bizarre behavior provided the officers an "objectively reasonable basis" for believing
5  that someone in the apartment was in need of assistance.  Additionally, the 911 call specifying the
6  address of Goosby's apartment created a "reasonable basis, approximating probable cause, to
7  associate the emergency with the area or place to be searched."  The government also contends that
8  the rifle found in Goosby's apartment is admissible evidence because it was found while
9  investigating an emergency.
10     The defendant claims both prongs of the emergency aid exception require approximate
11 probable cause rather than just the second prong.  As such, the defendant asserts the government did
12 not have approximate probable cause to satisfy the first prong.  Furthermore, the defendant claims
13 the rifle is inadmissible because the police officers did not obtain a warrant prior to seizing the
14 evidence, and that the officers had no reason to believe possession of the rifle constituted an illegal
15 activity.
16     In response, the government contends that the plain language of the emergency aid exception
17 clearly states that approximate probable cause only applies to the second prong.  The government
18 also notes that according to the testimony of Officers Beas and Ploense, the rifle was seized pursuant
19 to a lawful search warrant.  Even if the officers had not obtained a proper search warrant, seizure of
20 the rifle was justified because the rifle was discovered in plain view within the scope necessary to
21 respond to the emergency.
22     Under Local Rule IB 1-4 and 28 U.S.C. § 636(b)(1)(B), a magistrate judge shall file findings
23 and recommendations for disposition by the district judge.  The district judge "shall make a de novo
24 determination of those portions of the report or specified proposed findings or recommendations to
25 which objection is made [and] may accept, reject, or modify, in whole or in part, the findings or
26 recommendations. . . ." 28 U.S.C. § 636(b)(1).
27     Having reviewed defendant's objection, the magistrate judge's report and recommendation,
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  plaintiff's response, and defendant's response to the reply, the court finds that the government meets
2  all the requirements of the emergency aid exception as set forth in *Stuart*.
3      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leavitt's
4  report and recommendation (#29) be, and the same hereby is, ACCEPTED and AFFIRMED in its
5  entirety.
6      DATED this 16th day of October, 2006.

                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -